IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Randall Tyler, | ) Civil Action No.: 2:11-118-TLW-BHH |
| Plaintiff, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| | ) **OF MAGISTRATE JUDGE** |
| Doris Gant, Clifford Killingbeck, D. Young, John Does, and the South Carolina Department of Corrections, | ) |
| Defendants. | ) |

The Plaintiff, a pro se prisoner, originally filed this action in state court and two of the Defendants, Doris Gantt and the South Carolina Department of Corrections ("SCDC"), removed the case to this Court on January 14, 2011.[1] Before the court is the Plaintiff's Motion to Terminate Removal and Remand. (Dkt. # 18.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.[2]

**DISCUSSION**

On January 14, 2011, the Defendants Gant and the SCDC removed this action stating the Plaintiff's complaint alleged federal claims pursuant to 42 U.S.C. § 1983. (Dkt. # 1.) On February 7, 2011, the Plaintiff filed a timely motion to remand this action to state

---

[1] The undersigned notes that it appears that the Defendants Clifford Killingbeck and D. Young are also pro se inmates.

[2] South Carolina federal district courts are split as to whether a magistrate judge has the authority to order the remand of a case. *See Moore v. City of Charleston*, No. 2:10-cv-2148, 2011 WL 380179 *1 (D.S.C. Feb. 3, 2011). However, because the undersigned views an order to remand as dispositive, this motion will be addressed in a report and recommendation rather than an order.

court. (Dkt. # 18.) On February 22, 2011, the Defendants Gant and the SCDC filed a memorandum opposing a remand. (Dkt. # 24.) The Plaintiff then filed a Reply to the Defendants' Response on March 3, 2011. (Dkt. # 34.)

The defendant in a case in a state court may remove that case to a federal district court only if the state court action could have been originally filed in a federal district court. 28 U.S.C. § 1441. Generally, a case can be originally filed in a federal district court if there is diversity of citizenship under 28 U.S.C. § 1332 or there if there is so-called "federal question" jurisdiction under 28 U.S.C. § 1331. The burden of establishing federal jurisdiction is placed upon the party seeking removal. *Mulcahey v. Columbia Organic Chemicals Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (*citing Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921)). Further, federal courts have held that the removal statutes are to be construed against removal jurisdiction, and in favor of remand. *See, e.g., Cheshire v. Coca-Cola Bottling Affiliated, Inc.*, 758 F.Supp. 1098 (D.S.C. 1990) (collecting cases); and *Bellone v. Roxbury Homes, Inc.*, 748 F.Supp. 434 (W.D.Va.1990).

While the Plaintiff argues that the causes of action he has alleged in Claims One, Four, Five, and Six of his Complaint are state law claims, in Claims One and Six, the Plaintiff generally alleges that his constitutional rights have been violated. Further, the Plaintiff specifically states that the causes of action brought in Claims Two, Three, Seven, and Eight are pursuant to § 1983. (Compl.)

A federal court is not bound by the parties' characterization of a case or its appropriate parties." *Lyon v. Centimark Corporation*, 805 F.Supp. 333 (E.D.N.C. 1992). "A prisoner has a right to sue for tort damages in state court without bringing the United States Constitution into play." *Cruel v. County of Grenville,* 2007 WL 2351027 *3 (D.C.S.C. 2007). Here, however, the Plaintiff specifically makes references to his constitutional rights and

2

asserts several claims pursuant to § 1983. Accordingly, the undersigned agrees with the Defendants that the Plaintiff's Complaint raises sufficient federal question jurisdiction.

The Plaintiff also contends that because all of the Defendants did not consent to removal, the Court must remand this action to the state court. The undersigned agrees.

The rule of unanimity requires that each defendant must "officially and unambiguously consent to a removal petition filed by another defendant within 30 days of receiving the complaint." *Martin Oil Co. V. Philadelphia Life Ins. Co*, 827 F.Supp. 1236, 1237 (N.D.W.Va. 1993). The well-established "rule of unanimity" does not require that each defendant sign the same removal notice. Instead, all that is required is "that each defendant file a notice of removal, either independently or by unambiguously joining in or consenting to another defendant's notice, within the thirty-day period." *See Creekmore v. Food Lion,* Inc., 797 F.Supp. 505, 508 (E.D. Va.1992) (*citing Wilkins v. Corr. Med. Sys.,* 931 F.2d 888, 1991 WL 68791 *2 n. 2 (4th Cir. 1991) (unpublished)).

Three exceptions have been recognized in this circuit to the requirement that all defendants must consent to a removal. "A defendant need not join or consent to the notice of removal if: (1) the non-joining defendant has not been served with process at the time the notice of removal is filed; (2) the non-joining defendant is merely a nominal or formal party; or (3) the removed claim is independent of one or more non-removable claims against the non-joining defendant." *See Parker v. Johnny Tart Enter.*, Inc., 104 F.Supp.2d 581, 584 n. 3 (M.D.N.C.1999).

The first exception to the rule of unanimity applies where less than all defendants have been served at the time of removal. In such a case, some courts have held that for removal to be proper, it had been held that only the defendants served at the time of removal need join, or consent to, the notice of removal. *See Unicom Sys., Inc. v. Nat'l Louis Univ.*, 262 F.Supp.2d 638, 640 n. 3 (E.D.Va. 2003). However, even a served defendant at

3

the time of removal need not join in the removal but has, according to the persuasive view adopted by the Fourth Circuit, thirty days from service upon him within which to consent. "Individual defendants have thirty days from the time they are served with process or with a complaint to join in an otherwise valid removal petition." *McKinney v. Bd. of Trs. of Md. Cmty. Coll.*, 955 F.2d 924, 928 (4th Cir. 1992). The Fourth Circuit recently expressed its continued support for this "intermediate rule" that requires filing notice of removal within thirty days after service on the first-served defendant, while permitting later-served defendants to consent to removal within thirty days of being served. *Barbour v. International Union,* 2011 WL 242131 (4th Cir. 2011) (en banc).

The Defendants argue that at the time of removal, the Plaintiff had not provided them with any supporting documentation that he had served the Defendants Killingbeck or Young.[3] However, the Defendants also note that the Dorchester County Online Case Search reflects that Certificates of Service were filed for Killingbeck and Young.[4] In fact, these were filed on January 13, 2011, the day before the Defendants Gant and the SCDC filed for removal. (See Dorchester County Court Records Online available at: http://www.dorchestercounty.net (last visited March 9, 2011)).

In addition, the Defendants Gant and the SCDC argue that the Plaintiff has moved for an entry of default judgment as to Defendants Killingbeck and Young which the Defendants Gant and the SCDC contend moots the issue of whether these two Defendants

---

[3] The undersigned is unaware of any requirement that the Plaintiff must serve each defendant with a certificate of service for other defendants. Notice can certainly be found, as here, in filing the certificate of service with the court.

[4] It appears that the Defendant Killingbeck was served on December 15, 2010. (Pl.'s Reply Ex. at 2.) There are two certificates of service regarding the Defendant Young. One showing he was served on December 23, 2010, and another showing he was served on February 1, 2011. (Pl.'s Reply - Ex. at 4 & 5.) Even assuming that service was not completed on the Defendant Young until February 1, 2011, there is no evidence that Young consented to removal within the thirty days following February 1, 2011.

4

consent to removal. First, the Plaintiff has not filed for default against the Defendant Young. (Dkt. # 29.) Furthermore, the speculative disposition of a pending motion cannot be relied upon in addressing the Plaintiff's remand motion. In any event, clearly even the potential future granting of the Plaintiff's Motion for Default as to Killingbeck would not moot the issue of whether all of the Defendants have consented as the Defendant Young would remain as a defendant and has not consented to removal.

The failure of all served defendants to join in or consent to a removal petition within the thirty day period of being served "is sufficient to render removal improper and to require remand." *Adams v. Aero Services Intern., Inc.,* 657 F.Supp. 519, 521 (E.D.Va. 1987). Accordingly, based on the foregoing, it is recommended that the Plaintiff's Motion to Terminate Removal and Remand (Dkt. # 18) be GRANTED and this action be REMANDED to Court of Common Pleas for Dorchester County, South Carolina.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

March 10, 2011
Charleston, South Carolina

**The Plaintiff's attention is directed to the important notice on the next page.**

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).